# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIR LINES, INC., a Delaware corporation; and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly
situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse
400 McAllister Street
San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):*
**CGC-17-561964**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE: | OCT 1 8 2017 | Clerk, by | BOWMAN LIU | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | DEPUTY CLERK *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Delta Air Lines, Inc., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh (SBN 204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): Joseph L. Schofield

**FOR COURT USE ONLY**

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 1 8 2017

CLERK OF THE COURT
BY: BOWMAN LIU
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Joseph L. Schofield v. Delta Air Lines, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-17-561964 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Seven
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 16, 2017

Shaun Setareh, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice–Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

### CIVIL CASE COVER SHEET

FAXED

1 | Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
2 | Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
3 | SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
4 | Beverly Hills, California 90212
Telephone (310) 888-7771
5 | Facsimile (310) 888-0109

6 | Attorneys for Plaintiff
JOSEPH L. SCHOFIELD

7

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

**OCT 18 2017**

CLERK OF THE COURT
BY: _____BOWMAN LIU_____
Deputy Clerk

8 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11 | JOSEPH L. SCHOFIELD, on behalf of
himself. all others similarly situated,

12

13 |            *Plaintiff,*

14 |     vs.

15 | DELTA AIR LINES, INC., a Delaware
corporation; and DOES 1 through 50,
16 | inclusive,

17 |            *Defendants.*

18

19

20

21

22

23

Case No. **CGC-17-561964**

**CLASS ACTION**

**COMPLAINT**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7. and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);
4. Failure to Indemnify (Labor Code § 2802);
5. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));
6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);
7. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);

**JURY TRIAL DEMANDED**

24

25

26

27

28

---

CLASS ACTION COMPLAINT

1   Plaintiff JOSEPH L. SCHOFIELD (referred to as "Plaintiff"), on behalf of himself, all
2   others similarly situated, complains and alleges as follows:

3                              **INTRODUCTION**

4       1.      Plaintiff brings this class action against defendant DELTA AIR LINES, INC., a
5   Delaware corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants")
6   for alleged violations of the Labor Code and Business and Professions Code.  As set forth below,
7   Plaintiff alleges that Defendants

8               (a)  failed to provide him and all other similarly situated individuals with meal
9                    periods;

10              (b)  failed to provide them with rest periods;

11              (c)  failed to pay premium wages for missed meal and/or rest periods;

12              (d)  failed to pay them for all hours worked;

13              (e)  failed to pay overtime wages at the correct rate;

14              (f)  failed to pay double time wages at the correct rate;

15              (g)  failed to pay overtime and double time wages at the correct rate by failing to
16                   include all applicable remuneration in calculating the regular rate of pay;

17              (h)  failed to provide them with written wage statements;

18              (i)  failed to provide them with accurate written wage statements;

19              (j)  failed to timely pay them all of their final wages following separation of
20                   employment;

21   Based on these alleged violations, Plaintiff now brings this class action to recover unpaid
22   wages, restitution, and related relief on behalf of himself, all others similarly situated.

23                         **JURISDICTION AND VENUE**

24      2.      This Court has subject matter jurisdiction to hear this case because Plaintiff is
25   informed and believes that the monetary damages and restitution sought herein for Defendants'
26   conduct exceeds the minimal jurisdictional limits of the Superior Court.

27      3.      Venue is proper in the County of San Francisco pursuant to Code of Civil Procedure
28   Sections 395(a) and 395.5 in that liability arose within this county because at least some of the

1  transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

2  found, maintains offices, transacts business, and/or has an agent therein.

3    4. Venue is proper in the County of San Francisco because Defendants' principal place

4  of business is in Georgia, is incorporated under the laws of Delaware, does business in the County

5  of San Francisco, and has not registered a California place of business with the California

6  Secretary of State.  As such, venue is proper in any county in California.

7  <div align="center">**PARTIES**</div>

8    5. Plaintiff JOSEPH L. SCHOFIELD ("Plaintiff") is, and at all relevant times

9  mentioned herein, an individual residing in the State of California.

10    6. Plaintiff is informed and believes, and thereupon alleges that Defendant DELTA

11  AIR LINES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

12  business in the State of California.

13    7. Plaintiff is ignorant of the true names, capacities, relationships, and extent of

14  participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50,

15  inclusive, but is informed and believes that said defendants are legally responsible for the conduct

16  alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend

17  this complaint to allege both the true names and capacities of the DOE defendants when

18  ascertained.

19    8. Plaintiff is informed and believes that each defendant acted in all respects pertinent

20  to this action as the agent of the other defendants, carried out a joint scheme, business plan or

21  policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to

22  each of the other defendants.

23  <div align="center">**CLASS ALLEGATIONS**</div>

24    9. This action has been brought and may be maintained as a class action pursuant to

25  Code of Civil Procedure section 382 because there is a well-defined community of interest among

26  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

27  unaware of any difficulties likely to be encountered in managing this case as a class action.

28    10. **Relevant Time Period**: The relevant time period is defined as the time period

<div align="center">2</div>

1  beginning four years prior to the filing of this action until judgment is entered.

2       11.    The class and sub-class members are defined as follows:

3  **Delta Airlines Class:** All persons employed by Defendants and/or any staffing
agencies and/or any other third parties who worked in hourly or non-exempt
4  positions in California during the **Relevant Time Period.**

5      **Delta Airlines Meal Period Sub-Class:** All **Delta Airlines Class** members
who worked a shift in excess of five hours during the **Relevant Time Period.**
6

    **Delta Airlines Rest Period Sub-Class:** All **Delta Airlines Class** members
7  who worked a shift of at least three and one-half (3.5) hours during the
**Relevant Time Period.**
8

    **Delta Airlines Vacation Pay Class:** All **Delta Airlines Class** members who
9  earned paid vacation days, including but not limited to, "floating holidays,"
without receiving compensation for each vested paid vacation day and/or
10  floating holiday during the **Relevant Time Period.**

11      **Delta Airlines Expense Reimbursement Sub-Class:** All **Delta Airlines
Class** members who incurred business expenses during the **Relevant Time
12  Period.**

13      **Delta Airlines Wage Statement Penalties Sub-Class:** All **Delta Airlines
Class** members employed by Defendants in California during the period
14  beginning one year before the filing of this action and ending when final
judgment is entered.
15

    **Delta Airlines Waiting Time Penalties Sub-Class:** All **Delta Airlines
16  Class** members who separated from their employment with Defendants
during the period beginning three years before the filing of this action and
17  ending when final judgment is entered.

18  **UCL Class:** All **Delta Airlines Class** members employed by Defendants in
California during the **Relevant Time Period.**
19

20      12.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

21  right to amend or modify the class definitions with greater specificity, by further division into sub0-

22  classes, and/or by limitation to particular issues.

23      13.    **Numerosity:** The class members are so numerous that the individual joinder of each

24  individual class member is impractical. While Plaintiff does not currently know the exact number of

25  class members, Plaintiff is informed and believes that the actual number exceeds the minimum

26  required for numerosity under California law.

27      14.    **Commonality and Predominance:** Common questions of law and fact exist as to

28  all class members and predominate over any questions which affect only individual class members.

These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Have Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

F.    Have Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

G.    Whether Defendants have failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or income in calculating the rates at which those wages are paid;

H.    Whether Defendants have failed to provide for proportionate accruals for vested vacation time for class members as required by California law;

I.    Have Defendants subjected the "vacation time" and/or "floating holidays" they offer to class members to forfeiture;

J.    Have Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

K.    Whether Defendants failed to provide class members with wage statements;

L.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements

4

1   with inaccurate entries for, among other things, amounts of gross and net

2   wages, and total hours worked;

3   M.   Whether Defendants applied policies or practices that result in late and/or

4   incomplete final wage payments;

5   N.   Whether Defendants are liable to class members for waiting time penalties

6   under Labor Code section 203;

7   O.   Whether class members are entitled to restitution of money or property that

8   Defendants may have acquired from them through unfair competition.

9   15.   **Typicality:** Plaintiff's claims are typical of the other class members' claims.

10  Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of

11  failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

12  16.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

13  that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

14  members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly

15  and adequately represent and protect the interests of the other class members.

16  17.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

17  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

18  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

19  behalf of Plaintiff and absent class members.

20  18.   **Superiority:** A class action is vastly superior to other available means for fair and

21  efficient adjudication of the class members' claims and would be beneficial to the parties and the

22  Court. Class action treatment will allow a number of similarly situated persons to simultaneously

23  and efficiently prosecute their common claims in a single forum without the unnecessary

24  duplication of effort and expense that numerous individual actions would entail. In addition, the

25  monetary amounts due to many individual class members are likely to be relatively small and would

26  thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

27  Moreover, a class action will serve an important public interest by permitting class members to

28  effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the

1 | potential for inconsistent or contradictory judgments inherent in individual litigation.

2 | **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

3 |     19.    Plaintiff was hired by Defendants on or about May 22, 2014 as an hourly, non-

4 | exempt employee who worked in California.

5 | **Meal/Rest Periods and Security Check**

6 |     20.    Plaintiff and the putative class members were not provided with meal periods of at

7 | least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

8 | scheduling each meal period as part of each work shift; (2) no formal written meal and rest period

9 | policy that encouraged employees to take their meal and rest periods; and (3) practice of requiring

10 | Plaintiff and the putative class to undergo a security check during a portion of their meal periods.

11 |     21.    Plaintiff and the putative class members were not provided with rest periods of at

12 | least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

13 | Defendants' policy of not scheduling each rest period as part of each work shift; (2) no formal

14 | written meal and rest period policy that encouraged employees to take their meal and rest periods;

15 | and (3) practice of requiring Plaintiff and the putative class to undergo a security check during a

16 | portion of their rest periods.

17 |     22.    Plaintiff and the putative class were required to clock out before each meal period

18 | prior to going through the security check; and were required to go through the security check prior

19 | to clocking back in at the end of each meal period.

20 |     23.    As Plaintiff and the putative were only allotted thirty (30) minutes for each meal

21 | period, and were required to go through Defendants' security check in order to re-enter the facility,

22 | the practical effect of Defendants' policy resulted in Plaintiff and the putative class staying on the

23 | premises and otherwise not exercising their right to leave the facility as it would intrude into their

24 | meal periods.

25 |     24.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

26 | provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

27 | worked due to complying with Defendants' requirements that required Plaintiff and the putative

28 | class to utilize a portion of their meal periods to comply with security check requirements.

1

### Shortened Meal Periods

2   25.   Plaintiff alleges that, at all relevant times during the applicable limitations period,

3   Defendants maintained a policy or practice of requiring Plaintiff and the putative class to clock out

4   for their meal periods before going through security check when leaving the airport.  Once Plaintiff

5   and the putative class were clocked out for their meal periods, they were required to go through a

6   security check in order to leave the airport.

7   26.   Accordingly, Plaintiff and the putative class were provided with shortened meal

8   periods due to the time spent entering and leaving the airport, undergoing security checks, and the

9   necessary time to return to their work stations.

10   27.   Plaintiff alleges that, at relevant times during the applicable limitations period,

11   Defendants maintained a policy or practice of disciplining Plaintiff and members of the putative

12   class, up to and including termination, if they did not clock back in from their meal periods on time.

13   28.   Plaintiff alleges that, at relevant times during the applicable limitations period, due to

14   Defendants above-mentioned policy or practice, Plaintiff and the putative class did not receive their

15   full thirty (30) minutes uninterrupted meal periods that they were entitled under California law.

16   ### Missed Meal Periods

17   29.   Plaintiff and the putative class members were not provided with meal periods of at

18   least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

19   scheduling each meal period as part of each work shift; (2) chronically understaffing each work

20   shift with not enough workers; (3) imposing so much work on each employee such that it made it

21   unlikely that an employee would be able to take their breaks if they wanted to finish their work on

22   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

23   meal and rest periods.

24   30.   As a result of Defendants' policy, Plaintiff and the putative class were regularly not

25   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

26   worked due to complying with Defendants' productivity requirements that required Plaintiff and

27   the putative class to work through their meal periods in order to complete their assignments on

28   time.

**Missed Rest Periods**

31.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

32.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Vacation Pay**

33.     Plaintiff and the putative class accrued vacation wages during their employment with Defendants.

34.     Under California law, vacation wages are considered a form of wages under Labor Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

35.     At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774.

36.     Plaintiff and the putative class are entitled to vacation accrued during their employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out all accrued vacation pay.

**Rounding Practices**

37.     Defendants utilize a rounding practice that is not "fair and neutral" and which results in a failure to pay employees over a period of time.

1   38.     Plaintiff is informed and believes, and thereupon alleges, that Defendants have not,

2   did not, and do not keep records of actual hours worked by Plaintiff and the putative class.  In the

3   absence of records showing actual hours worked, Plaintiff and the putative class are unable to

4   ascertain whether (1) Defendants' rounding practices comply with California law; (2) whether

5   Defendants' rounding practices resulted over a period of time, in failure to compensate Plaintiff and

6   the putative class properly for all the time they actually worked; and (3) whether Plaintiff and the

7   putative class were properly paid for all hours worked.

8                                           **Regular Rate of Pay**

9   39.     The regular rate of pay under California law includes all remuneration for

10  employment paid to, on behalf of, the employee. This requirement includes, but is not limited to,

11  commissions and non-discretionary bonuses.

12  40.     During the applicable limitations period, Defendants violated the rights of Plaintiff

13  and the putative class under the above-referenced Labor Code sections by failing to pay them

14  overtime wages for all overtime and/or double time hours worked in violation of Labor Code

15  sections 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to

16  include all applicable remuneration, including, but not limited to, commissions and non-

17  discretionary bonuses.

18                                        **Expense Reimbursement**

19  41.     Plaintiff and the putative class members were required to purchase uniforms

20  specified by Defendants via a specified source.

21  42.     Plaintiff and the putative class members were only furnished an annual stipend of

22  $250 to purchase required uniforms.

23  43.     During the regular course of employment, the uniforms worn by Plaintiff and the

24  putative class were not only subject to normal wear and tear, but were also subject to wear and tear

25  beyond their control.  Even in these circumstances, Plaintiff and the putative class were still

26  required to report to work in proper uniform and would have faced disciplinary action and possibly

27  even sent home if they did not report to work in proper uniform specified by Defendants.

28  44.     However, once the annual uniform stipend was exhausted, Plaintiff and the putative

1 class were required to pay out-of-pocket for additional uniform expenditures that were not

2 reimbursed by Defendants.

3     45.    Defendants failed to reimburse Plaintiff and the putative class for such necessary

4 business expenses incurred by them.

5 <center>**Wage Statements**</center>

6     46.    Plaintiff and the putative class were not provided with written wage statements "as a

7 detachable part of the check, draft or voucher paying the employee's wages" as required pursuant to

8 Labor Code section 226(a).

9     47.    Moreover, Plaintiff and the putative class were not provided with accurate wage

10 statements as mandated by law pursuant to Labor Code section 226.

11     48.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

12 earned" were not accurately reflected in that:

13         A.    Any applicable meal and rest break premiums were not included;

14         B.    Hourly and overtime wages for off-the-clock work were not included due to

15             having to undergo security check;

16         C.    Regular rate of pay was not properly calculated.

17     49.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

18 worked by the employee" were not accurately reflected in that:

19         A.    Hourly and overtime wages for off-the-clock work were not included due to

20             having to undergo security check;

21     50.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

22 earned" were not accurately reflected in that:

23         A.    Any applicable meal and rest break premiums were not included;

24         B.    Hourly and overtime wages for off-the-clock work were not included due to

25             having to undergo security check;

26         C.    Regular rate of pay was not properly calculated.

27     51.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

28 hourly rates in effect during the pay period and the corresponding number of hours worked at each

<center>10</center>

1   hourly rate by the employee" were not accurately reflected in that:

2           A.    Hourly and overtime wages for off-the-clock work were not included due to

3                 having to undergo security check;

4           B.    Regular rate of pay was not properly calculated.

5   <div align="center">**FIRST CAUSE OF ACTION**</div>

6   <div align="center">**FAILURE TO PROVIDE MEAL PERIODS**</div>

7   <div align="center">**(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**</div>

8   <div align="center">**(By Plaintiff and Delta Airlines Meal Period Sub-Class)**</div>

9       52.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

10   herein.

11       53.    At all relevant times, Plaintiff and the **Delta Airlines Meal Period Sub-Class**

12   members have been non-exempt employees of Defendants entitled to the full meal period

13   protections of both the Labor Code and the Industrial Welfare Commission Wage Order 5-2001

14   ("Wage Order").

15       54.    Labor Code section 512 and section 11 of the applicable Wage Order impose an

16   affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-

17   free, meal periods of at least thirty minutes for each work period of five hours, and to provide them

18   with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of

19   ten hours.

20       55.    Labor Code section 226.7 and section 11 of the applicable Wage Order both

21   prohibit employers from requiring employees to work during required meal periods and require

22   employers to pay non-exempt employees an hour of premium wages on each workday that the

23   employee is not provided with the required meal period.

24       56.    Compensation for missed meal periods constitutes wages within the meaning of the

25   Labor Code section 200.

26       57.    Labor Code section 1198 makes it unlawful to employ a person under conditions

27   that violate the Wage Order.

28       58.    Section 11 of the applicable Wage Order states:

<div align="center">11</div>

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 mninutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

59.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Delta Airlines Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

60.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Delta Airlines Meal Period Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order.

61.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Delta Airlines Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

62.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Delta Airlines Meal Period Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code section 512 and the applicable Wage Order.

63.     Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

64.     At all relevant times, Defendants failed to pay Plaintiff and **Delta Airlines Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

65.     Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Delta Airlines Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

66.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Delta Airlines Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (By Plaintiff and Delta Airlines Rest Period Sub-Class)

67.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

68.     At all relevant times, Plaintiff and **Delta Airlines Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

69.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

70.     Labor Code section 226.7 and section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

71.     Compensation for missed rest periods constitutes wages within the meaning of the Labor Code section 200.

72.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

73.    Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Delta Airlines Rest Period Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

74.    At all relevant times, Defendants failed to pay Plaintiff and other **Delta Airlines Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

75.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

76.    Plaintiff and the **Delta Airlines Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

77.    As a result of Defendants' policy. Plaintiff and the **Delta Airlines Rest Period Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and **Delta Airlines Rest Period Sub-Class** to work through their rest periods in order to complete their assignments on time.

78.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Delta Airlines Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

79.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

14

1  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

2  **Delta Airlines Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

3                                  **THIRD CAUSE OF ACTION**

4                    **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

5                        **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

6                            **(By Plaintiff and Delta Airlines Class)**

7          80.      Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9          81.      At all relevant times, Plaintiff and **Delta Airlines Class** members are or have been

10  non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

11  applicable Wage Orders.

12          82.      Section 2 of the applicable Wage Order defines "hours worked" as "the time during

13  which an employee is subject to the control of an employer, and includes all the time the employee

14  is suffered or permitted to work, whether or not required to do so."

15          83.      Section 4 of the applicable Wage Order requires an employer to pay non-exempt

16  employees at least the minimum wage set forth therein for all hours worked, which consist of all

17  hours that an employer has actual or constructive knowledge that employees are working.

18          84.      Labor Code section 1194 invalidates any agreement between an employer and an

19  employee to work for less than the minimum or overtime wage required under the applicable Wage

20  Orders.

21          85.      Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

22  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

23  addition to the underlying unpaid minimum wages and interest thereon.

24          86.      Labor Code section 1197 makes it unlawful for an employer to pay an employee

25  less than the minimum wage required under the applicable Wage Orders for all hours worked

26  during a payroll period.

27          87.      Labor Code section 1197.1 provides that it is unlawful for any employer or any

28  other person acting either individually or as an officer, agent, or employee of another person, to

1   pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

2       88.     Labor Code section 1198 makes it unlawful for employers to employ employees

3   under conditions that violate the Wage Order.

4       89.     Labor Code section 204 requires employers to pay non-exempt employees their

5   earned wages for the normal work period at least twice during each calendar month on days the

6   employer designates in advance and to pay non-exempt employees their earned wages for labor

7   performed in excess of the normal work period by no later than the next regular payday.

8       90.     Labor Code section 223 makes it unlawful for employers to pay their employees

9   lower wages than required by contract or statute while purporting to pay them legal wages.

10      91.     Labor Code section 510 and section 3 of the applicable Wage Order require

11  employers to pay non-exempt employees overtime wages of no less than one and one-half times

12  their respective regular rates of pay for all hours worked in excess of eight hours in one workday,

13  all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked

14  on the seventh consecutive day of one workweek.

15      92.     Labor Code section 510 and section 3 of the applicable Wage Order also require

16  employers to pay non-exempt employees overtime wages of no less than two times their respective

17  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

18  worked in excess of eight hours on a seventh consecutive workday during a workweek.

19      93.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied

20  centrally devised policies and practices to him and **Delta Airlines Class** members with respect to

21  working conditions and compensation arrangements.

22                          **Uniform Maintenance**

23      Section 9 of the applicable Wage Order states:

24      "When uniforms are required by the employer to be worn by the employee as a condition of
        employment, such uniforms shall be provided and maintained by the employer. The term
25      'uniform' includes wearing apparel and accessories of distinctive design or color."

26      If the employer does not choose to maintain employees' uniforms itself where it is required

27  to do so, the Division of Labor Standards Enforcement takes the position that the employer may

28  pay each affected employee a weekly maintenance allowance of an hour's pay at the state

1  minimum wage rate ($7.50 as of January 1, 2007, and $8.00 as of January 1, 2008) in lieu of

2  maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in

3  maintaining the uniforms.

4       At all relevant times during the applicable limitations period and in violation of the above-

5  referenced sections of the Labor Code and the Wage Order, Defendants failed to compensate

6  Plaintiff with minimum and/or overtime wages for all hours he worked as a result of its failures to

7  maintain employee uniforms and/or pay him a weekly maintenance allowance.

8       Plaintiff is informed and believes that, at all relevant times, and in violation of the above-

9  referenced sections of the Labor Code and the Wage Order, Defendants failed to compensate **Delta**

10 **Airlines Class** members with minimum and/or overtime wages for all hours they worked as a

11 result of its failures to maintain employee uniforms and/or pay them a weekly maintenance

12 allowance.

13                        **Off-the-Clock Work**

14       94.    During the relevant time period, Defendants failed to pay Plaintiff and **Delta**

15 **Airlines Class** members all earned wages every pay period at the correct rates, including overtime

16 rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Delta Airlines**

17 **Class** members to perform off-the-clock work.

18       95.    As a result of Defendants' unlawful conduct, Plaintiff and the other class members

19 have suffered damages in an amount, subject to proof, to the extent they were not paid the full

20 amount of wages earned during each pay period during the applicable limitations period, including

21 overtime wages.

22       96.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194, and 1194.2, Plaintiff on

23 behalf of himself and **Delta Airlines Class** members, seeks to recover unpaid straight time and

24 overtime wages, interest thereon, and costs of suit.

25                        **Regular Rate of Pay**

26       97.    The regular rate of pay under California law includes all remuneration for

27 employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,

28 commissions and non-discretionary bonuses.

98.     During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, commissions and non-discretionary bonuses.

### Meal and Rest Period Premium Wages

99.     At all relevant times, Plaintiff and **Delta Airlines Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

100.    Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

101.    Labor Code § 226.7 and Section 11 of the applicable Wage Order prohibit an employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

102.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

103.    Labor Code section 226.7 and Section 12 of the applicable Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

104.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, commissions and non-

1    discretionary bonuses, be included when calculating an employee's regular rate of pay.

2    105.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

3 compensation that did not reflect, among other things, non-discretionary bonuses and/or shift

4 differential pay as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

5 applicable Wage Order on the occasions when Defendants paid him premium wages in lieu of meal

6 and/or rest periods.

7    106.    Plaintiff is informed and believes and thereon alleges that, at all relevant times,

8 Defendants have maintained a policy and practice of paying **Delta Airlines Class** members

9 premium wages based on rates of compensation that have not reflected commissions and/or non-

10 discretionary bonuses as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

11 applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

12 meal and/or rest periods.

13    107.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

14 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

15 **Delta Airlines Class** members, seeks to recover reasonable attorneys' fees.

16                      **FOURTH CAUSE OF ACTION**

17                      **FAILURE TO INDEMNIFY**

18                      **(Lab. Code § 2802(a))**

19        **(By Plaintiff and the Delta Airlines Expense Reimbursement Sub-Class)**

20    108.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21 herein.

22    109.    In pertinent part, California Labor Code section 2802(a) states, "An employer shall

23 indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct

24 consequence of the discharge of his or her duties . . . ."

25    110.    Pursuant to Labor Code section 452, an employer is authorized to prescribe the

26 weight, color, quality, texture, style, form, and make of uniforms required to be worn by their

27 employees.

28    111.    Section 9 of the applicable Wage Order states, "When uniforms are required by the

1 employer to be worn by the employee as a condition of employment, such uniforms shall be

2 provided and maintained by the employer. The term 'uniform' includes wearing apparel and

3 accessories of distinctive design or color."

4    112.   At relevant times during the applicable limitations period, Defendants required

5 Plaintiff and the members of the **Delta Airlines Expense Reimbursement Sub-Class** to pay for

6 losses caused by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and

7 the members of the **Delta Airlines Expense Reimbursement Sub-Class** for such expenditures.

8    113.   At relevant times during the applicable limitations period, Defendants required

9 Plaintiff and the members of the **Delta Airlines Expense Reimbursement Sub-Class** to purchase

10 and maintain uniforms and apparel unique to Defendants at their expense. Defendants failed to

11 indemnify Plaintiff and the members of the **Delta Airlines Expense Reimbursement Sub-Class**

12 for such expenditures.

13    114.   As a result of their reimbursement policies and practices, Plaintiff is informed and

14 believes and thereon alleges that Defendants failed to reimburse him and **Delta Airlines Expense**

15 **Reimbursement Sub-Class** members for all necessary business expenses.

16    115.   By reason of the above, Plaintiff and the members of the **Delta Airlines Expense**

17 **Reimbursement Sub-Class** are entitled to restitution for all unpaid amounts due and owing to

18 within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

19    116.   Plaintiff, on behalf of himself and the members of the **Delta Airlines Expense**

20 **Reimbursement Sub-Class**, seeks interest thereon pursuant to California Labor Code § 218.6,

21 costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to

22 California Code of Civil Procedure section 1021.5.

23                              **FIFTH CAUSE OF ACTION**

24          **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

25                                    **(Lab. Code § 226)**

26          **(By Plaintiff and Delta Airlines Wage Statement Penalties Sub-Class)**

27    117.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

28          herein.

118.   Labor Code section 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

119.   Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Delta Airlines Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

120.   Plaintiff is informed and believes that Defendants' failures to provide him and **Delta Airlines Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

121.   Plaintiff and **Delta Airlines Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the

1   amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay

2   records, and/or has led to the submission of inaccurate information about wages and deductions to

3   state and federal government agencies.

4       122.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Delta**

5   **Airlines Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or

6   $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and

7   $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred,

8   not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable

9   costs and attorneys' fees.

10                      **SIXTH CAUSE OF ACTION**

11                **FAILURE TO TIMELY PAY ALL FINAL WAGES**

12                        **(Lab. Code §§ 201-203)**

13          **(Plaintiff and Delta Airlines Waiting Time Penalties Sub-Class)**

14      123.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

15  herein.

16      124.    At all relevant times. Plaintiff and **Delta Airlines Waiting Time Penalties Sub-**

17  **Class** members have been entitled, upon the end of their employment with Defendants, to timely

18  payment of all wages earned and unpaid before termination or resignation.

19      125.    At all relevant times, pursuant to Labor Code section 201. employees who have been

20  discharged have been entitled to payment of all final wages immediately upon termination.

21      126.    At all relevant times, pursuant to Labor Code section 202, employees who have

22  resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to

23  payment of all final wages at the time of resignation.

24      127.    At all relevant times, pursuant to Labor Code section 202. employees who have

25  resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to

26  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

27      128.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his

28  final wages in accordance with Labor Code section 201 by failing to timely pay him all of his final

1 | wages.

2 |     129.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to
3 | timely pay **Delta Airlines Waiting Time Penalties Sub-Class** members all of their final wages in
4 | accordance with Labor Code sections 201 or 202.

5 |     130.    Plaintiff is informed and believes that, at all relevant times, Defendants have
6 | maintained a policy or practice of paying **Delta Airlines Waiting Time Penalties Sub-Class**
7 | members their final wages without regard to the requirements of Labor Code sections 201 and 202
8 | by failing to timely pay them all final wages.

9 |     131.    Plaintiff is informed and believes that Defendants' failures to timely pay all final
10 | wages to him and **Delta Airlines Waiting Time Penalties Sub-Class** members have been willful in
11 | that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and
12 | 202 but have intentionally adopted policies or practice that are incompatible with those
13 | requirements.

14 |     132.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and
15 | **Delta Airlines Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the
16 | dates that their final wages have first become due until paid, up to a maximum of 30 days, and
17 | interest thereon.

18 |     133.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine,
19 | and/or the common fund doctrine, Plaintiff, on behalf of himself and **Delta Airlines Waiting Time**
20 | **Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

21 | <div align="center">**SEVENTH CAUSE OF ACTION**</div>

22 | <div align="center">**UNFAIR COMPETITION**</div>

23 | <div align="center">**(Bus. & Prof. Code §§ 17200, *et seq.*)**</div>

24 | <div align="center">**(By Plaintiff and UCL Class)**</div>

25 |     134.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
26 | herein.

27 |     135.    Business and Professions Code section 17200 defines "unfair competition" to
28 | include any unlawful business practice.

1    136.    Business and Professions Code sections 17203–17204 allow a person who has lost

2    money or property as a result of unfair competition to bring a class action in accordance with Code

3    of Civil Procedure section 382 to recover money or property that may have been acquired from

4    similarly situated persons by means of unfair competition.

5    137.    California law requires employers to pay hourly, non-exempt, employees for all

6    hours they are permitted or suffered to work, including hours that the employer knows or

7    reasonably should know that employees have worked.

8    138.    Plaintiff and the **UCL Class** re-alleges and incorporates by reference the FIRST,

9    SECOND, THIRD and FOURTH causes of action herein.

10    139.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

11    140.    Defendants have, or may have, acquired money by means of unfair competition.

12    141.    Plaintiff is informed and believes and thereupon alleges that, by committing the

13    Labor Code violations described in this complaint, Defendants violated Labor Code sections 215,

14    216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the

15    Labor Code violations mentioned herein.

16    142.    Defendants have committed criminal conduct through their policies and practices of,

17    *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt

18    employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work

19    period of five or more hours and by failing to pay non-exempt employee for all hours worked and

20    by failing to reimburse them for all expenses.

21    143.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

22    employees of Defendants and entitled to the full protections of both the Labor Code and the

23    applicable Wage Order.

24    144.    As stated above, Defendants have violated the Labor Code in multiple respects with

25    regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages,

26    failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide

27    them with accurate wage statements, and failing to pay them all wages due upon separation of

28    employment.

145.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

146.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.* Business and Professions Code section 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

147.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

148.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

149.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

150.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

151.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and

1  employees, from further violations of the Labor Code and applicable Industrial Welfare

2  Commission Wage Orders.

3      152.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

4  himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all

5  monies rightfully belonging to them that Defendants did not pay them or otherwise retained by

6  means of its unlawful and unfair business practices.

7      153.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

8  and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to

9  recover reasonable attorneys' fees in connection with their unfair competition claims.

10  <div align="center">**PRAYER FOR RELIEF**</div>

11      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief

12  and judgment against Defendants as follows:

13          A.    An order that the action be certified as a class action;

14          B.    An order that Plaintiff be appointed class representative;

15          C.    An order that counsel for Plaintiff be appointed class counsel;

16          D.    Unpaid Wages;

17          E.    Actual Damages;

18          F.    Liquidated Damages;

19          G.    Restitution;

20          H.    Declaratory relief;

21          I.    Pre-judgment interest;

22          J.    Statutory penalties;

23          K.    Civil penalties;

24          L.    Costs of suit;

25          M.    Reasonable attorneys' fees; and

26          N.    Such other relief as the Court deems just and proper.

27  ///

28  ///

1

## DEMAND FOR JURY TRIAL

2   Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on

3 all issues so triable.

4

5 Dated: October 12, 2017     SETAREH LAW GROUP

6

7 

8          SHAUN SETAREH

9          Attorneys for Plaintiff
           JOSEPH L. SCHOFIELD

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
JOSEPH L. SCHOFIELD

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 1 8 2017

CLERK OF THE COURT
BY: _____ BOWMAN LIU _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

JOSEPH L. SCHOFIELD, on behalf of
himself, all others similarly situated,

Plaintiff,

vs.

DELTA AIR LINES, INC., a Delaware
corporation; and DOES 1 through 50,
inclusive,

Defendants.

Case No.   CGC-17-561964

**APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION**

APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION

1   TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2          Plaintiff JOSEPH L. SCHOFIELD hereby applies to the court for approval of complex

3   designation pursuant to San Francisco Superior Court Local Rule 3.6.

4          In the attached Civil Case Cover Sheet, this case is being designated as a complex case

5   because at least one or more of the following boxes has been checked:

6          •   Box 2          Complex due to factors requiring exceptional judicial management;

7          •   Box 5          The action being a class action suit.

8          This case is being so designated based upon the following supporting information, including

9   without limitation, a brief description of the following factors as they pertain to this particular case:

10  (1) management of a large number of separately represented parties; (2) complexity of anticipated

11  factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve;

12  (4) management of a large number of witnesses or a substantial amount of documentary evidence;

13  (5) coordination with related actions pending in one or more courts in other counties, states or

14  countries or in a federal court; (6) whether or not certification of a putative class action will in fact

15  be pursued; and (7) substantial post-judgment judicial supervision.

16         Based on the above supporting information, there is a reasonable basis for the complex case

17  designation being made in the attached Civil Case Cover Sheet.

18         I, the undersigned counsel of record for Plaintiff, hereby certify that the above is true and

19  correct and that I make this certification subject to the applicable provisions of California Code of

20  Civil Procedure section 128.7, California Rules of Professional Conduct, Rule 5-200(B) and the San

21  Francisco County Superior Court Local Rule 3.6.

22

23  Dated: October 16, 2017                    SETAREH LAW GROUP

24

25  _____

26  SHAUN SETAREH
    Attorneys for Plaintiff
27  JOSEPH L. SCHOFIELD

28

1

APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION